IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARC FIGUEIRA,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES PITTS EMERSON, III;<br>JOHN DOES 1-10; JANE DOES<br>1-10; DOE CORPORATIONS 1-<br>10; DOE BUSINESS ENTITIES<br>1-10; DOE UNINCORPORATED<br>ASSOCIATIONS 1-10,<br><br>    Defendants. | CIVIL NO. 11-00476 JMS-KSC<br><br>FINDINGS AND<br>RECOMMENDATION TO GRANT<br>PLAINTIFF'S MOTION FOR<br>ORDER OF REMAND |

### FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ORDER OF REMAND

Before the Court is Plaintiff Marc Figueira's ("Plaintiff") Motion for Order of Remand ("Motion"), filed August 12, 2011. On September 14, 2011, Defendant James Pitts Emerson, III ("Defendant") filed an Opposition. Plaintiff filed a Reply on September 22, 2011.

This matter came on for hearing on October 6, 2011. James Bickerton, Esq., appeared on behalf of Plaintiff and Gregory Markham, Esq., and Kyle Kagihara,

Esq., appeared on behalf of Defendant.  After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court HEREBY FINDS AND RECOMMENDS that the Motion be GRANTED for the reasons set forth below.

BACKGROUND

On May 23, 2011, Plaintiff commenced the instant action in the Third Circuit Court, State of Hawaii.  That same day, Defendant was served with a copy of the Complaint and Summons.  Mem. in Supp. of Mot., Ex. A.  This action arises out of Defendant's alleged trespassing onto Plaintiff's property, threatening behavior, and girdling of Albizia trees located on Plaintiff's property.  Plaintiff asserts the following claims: 1) Intentional Infliction of Emotional Distress (Count I); 2) Negligent Infliction of Severe Emotional Distress (Count II); 3) Trespass (Count III); 4) Conversion (Count IV); 5) Intentional Property Damage (Count V); 6) Assault (Count VI); 7) Harassment (Count VII); and 8) Nuisance (Count VIII).

In addition, Plaintiff seeks a Temporary Restraining Order, Preliminary and Permanent Injunctions, and Punitive Damages (Counts IX and X).

On August 2, 2011, Defendant filed his Notice of Removal ("Notice") in this Court.

DISCUSSION

Defendant removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1446, alleging that this Court has subject matter jurisdiction pursuant to §§ 1332. Plaintiff seeks remand on the following grounds: 1) Defendant's Notice was untimely; 2) diversity jurisdiction does not exist; and 3) removal is premature. As a threshold matter, the Court shall assess the timeliness of the Notice.

Section 1446(b) of Title 28 of the U.S. Code governs the timing of removal. It provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Section 1446 therefore affords two thirty-day windows during which a defendant may remove an action. The Ninth Circuit has held that "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Indeed, "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." Id. at 695. In potential diversity cases, three removal scenarios present themselves: "1) the case clearly is removable on the basis of

jurisdictional facts apparent from the face of the complaint . . . 2) the case clearly is not removable on the basis of jurisdictional facts apparent from the face of the complaint . . . ; or 3) it is unclear from the complaint whether the case is removable." Id. at 692-93. The third scenario is referred to as an "indeterminate pleading." Id. at 693. An indeterminate pleading is at issue here.

Defendant claims that he could not determine whether removal was proper within 30 days of receiving the Complaint because the Complaint contained non-specific allegations of damages and misstatements regarding Defendant's domicile.[1] Plaintiff argues that

---

[1] Defendant offers contradictory arguments in his Opposition regarding the amount in controversy. On one hand, he argues that the amount in controversy exceeds $75,000 given that Plaintiff provided a $96,000 estimate for the cutting and removal of trees from Plaintiff's property as part of the Complaint. Opp'n at 2. On the other hand, he asserts that the Complaint's silence as to an amount in controversy precluded him from removing the action within 30 days of service. Id. at 5-6. At the hearing, defense counsel clarified that his reference to the Complaint on page 2 of the Opposition pertained to the TRO complaint filed by Plaintiff against Defendant in state

Defendant was required to remove the case within 30 days after service of the Complaint.

The Ninth Circuit has held that "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." Id. at 694. Indeed, "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." Id. at 695. Where a plaintiff *fails to explicitly disclose the amount of damages* in his or her complaint, the clock does not begin to run upon receipt of the complaint. Id. at n.5 (quoting In re Willis, 228 F.3d 896, 897 (8th Cir. 2000)) (emphasis added); see also id. (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) ("[T]he removal clock begins to run 'from the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the

---

court on April 6, 2010.

minimum jurisdictional amount of the federal court.'"
(quotations omitted)).

Here, the Complaint does not allege a specific amount of damages. Neither does the Complaint indicate that the parties are citizens of different states.[2] Indeed, the Complaint states that Plaintiff is a resident of Puna, Hawaii, and that Defendant is domiciled in Hawaii, spending 6 to 8 months annually in Puna.[3] Thus, the action was not removable based on the initial pleading and the first 30-day window does not apply. The Court must instead determine whether Defendant filed his Notice within 30 days after receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that

---

[2] Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. See 28 U.S.C. § 1332(a)(1).

[3] "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

7

the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Defendant argues that Plaintiff's misstatements about Defendant's domicile in part precluded him from determining whether he could remove the action to federal court. However, the Court is not persuaded that Plaintiff's misidentification of Defendant's domicile (which Defendant claims to be New Hampshire, as opposed to Hawaii) could alone render the pleading indeterminate, as Defendant is the keeper of information concerning his citizenship/domicile.

The primary document relied upon by Defendant in support of the amount in controversy is a letter dated March 30, 2010, from Tree Works, Inc. to Plaintiff regarding estimates to take down and remove Albizia trees from Plaintiff's property. Because Defendant received the letter in May 2010, he was in possession of the information he ultimately relied upon to estimate the amount in controversy and assert diversity jurisdiction prior to the commencement of

this action. For this reason, although the Complaint may not have triggered the first 30-day clock, the second 30-day clock in fact ran from May 23, 2011, the date that Defendant was served with the Complaint, because Defendant had already received the Tree Works letter and knew that his citizenship differed from that of Plaintiff. Having possessed all the knowledge necessary to effectuate removal as of May 23, 2011, Defendant was required to remove the action from state court by June 22, 2011. Given the filing of the Notice on August 2, 2011, removal was untimely and this action must be remanded to state court.

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted). The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule. Id. The Martin Court also instructed that

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. After a careful review of the record and applicable law, the Court finds that Plaintiff is entitled to attorneys' fees and costs under § 1447(c) because Defendant lacked an objectively reasonable basis for seeking removal. As earlier discussed, Defendant possessed the requisite knowledge for removal as of the date he was served with the Complaint. Thus, it was unreasonable for Defendant to remove the action

past the 30-day window for doing so.  Plaintiffs' counsel is to submit a declaration in conformance with Local Rule 54.3(d) setting forth the fees reasonably incurred in connection with Defendant's removal of this action.  The Court will thereafter issue a supplemental findings and recommendation with respect to the award of attorneys' fees.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion and remand this action to the Third Circuit Court, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 6, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

FIGUEIRA V. EMERSON, ET AL.; CV 11-00476 JMS-KSC; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ORDER OF REMAND