IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARC FIGUEIRA, | ) CIVIL NO. 11-00476 JMS-KSC |
| | ) |
|     Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION REGARDING |
|     vs. | ) AWARD OF ATTORNEYS' FEES |
| | ) AND COSTS |
| JAMES PITTS EMERSON, III; | ) |
| JOHN DOES 1-10; JANE DOES | ) |
| 1-10; DOE CORPORATIONS 1- | ) |
| 10; DOE BUSINESS ENTITIES | ) |
| 1-10; DOE UNINCORPORATED | ) |
| ASSOCIATIONS 1-10, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION REGARDING AWARD OF
ATTORNEYS' FEES AND COSTS

On October 7, 2011, this Court issued a

Findings and Recommendation to Grant Plaintiff's Motion

for Order of Remand ("F&R"),[1] wherein the Court found

that an award of attorneys' fees and costs was both

necessary and proper, given Defendant's lack of

objectively reasonable basis for removing this action.

The Court directed Plaintiff's counsel to submit a

declaration regarding the fees and costs incurred in

---

[1]  On October 27, 2011, U.S. District Judge J.
Michael Seabright adopted the F&R.  Doc. No. 24.

connection with the removal.  On October 24, 2011,

James Bickerton filed a Declaration in Support of

Attorneys' Fees and Costs Pursuant to 28 U.S.C.

§ 1447(c) and in Conformance with L.R. 54.3(d).

Plaintiff requests $8,490.50 in fees and $55.64

in costs, for a total of $8,546.14.  Based on a review

of Mr. Bickerton's Declaration, the Court finds that

Plaintiff reasonably and necessarily incurred **$6,201.30**

in attorneys' fees and **$55.64** in costs in connection

with the removal of this action.

A.  Counsel's Hourly Rates

Plaintiff's counsel requests the following

hourly rates:  Mr. Bickerton - $395; Stanley H. Roehrig

- $395; and Nathan Roehrig - $240.  In determining the

reasonableness of an hourly rate, the experience,

skill, and reputation of the attorney requesting fees

are taken into account.  See Webb v. Ada County, 285

F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable

hourly rate should reflect the prevailing market rates

in the community.  See id.; Gates v. Deukmejian, 987

F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial</u>
<u>of reh'g</u>, (1993) (noting that the rate awarded should
reflect "the rates of attorneys practicing in the forum
district"); <u>see also</u> <u>Chun v. Bd. of Trs. of Employees'</u>
<u>Ret. Sys. of Hawai'i</u>, 106 Hawai'i 416, 435, 106 P.3d
339, 358 (2005) (listing "the customary charges of the
Bar for similar services" as a factor that may be
considered).  It is the burden of the fee applicant to
produce satisfactory evidence, in addition to an
affidavit from the fee applicant, demonstrating that
the requested hourly rate reflects prevailing community
rates for similar services.  <u>See</u> <u>Jordan v. Multnomah</u>
<u>County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).

This Court is well aware of the prevailing
rates in the community for similar services performed
by attorneys of comparable experience, skill and
reputation.  Based on this Court's knowledge of the
community's prevailing rates, the hourly rates
generally granted by the Court, and the Court's
familiarity with this case, the requested hourly rates
are slightly excessive.  Accordingly the Court hereby

adjusts said hourly rates and finds that the following

rates are reasonable:  Mr. Bickerton - $350; Stanley H.

Roehrig - $350; and Nathan Roehrig - $180.

B.    Reasonable Hours Expended

Mr. Bickerton submits that he expended 3.5

hours, Stanley Roehrig expended 16.6 hours, and Nathan

Roehrig expended 2.3 hours.  Having carefully reviewed

counsel's timesheets, the Court finds that reductions

are necessary for block billing,[2] duplicate work,[3] and

excessive billing.  Applying the reductions for the

_____

[2]  "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted).  Block billing entries generally fail to specify a breakdown of the time spent on each task.
    District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks.  Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).  See also id. (citing Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).

[3]  The Court reduces the attorneys' hours for meetings, discussions, and other communications, for which multiple attorneys billed.  The general rule is that two professionals cannot bill for attending the same meeting.  Brandon E. v. Dep't of Educ., State of Hawaii, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008).  Thus, when a party's counsel meet with one other, the Court deducts the duplicative time billed.  Id.; In re Mullins, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together)).

5

aforementioned billing practices, the Court concludes
that the hours reasonably expended by counsel are as
follows:  Mr. Bickerton - 3.2 hours; Stanley Roehrig -
13.51 hours; and Nathan Roehrig - 1.96 hours.  When
these hours are multiplied by the hourly rates deemed
reasonable by the Court, the resulting attorneys' fees
incurred in connection with the removal of this action
total **$6,201.30**.

C.   Costs

In addition to attorneys' fees, Plaintiff is
entitled to recover costs.  Plaintiff requests $55.64
in costs.  The Court finds that the requested costs are
manifestly reasonable and were incurred in connection
with the removal.  As such, Plaintiff is entitled to
recover **$55.64** in costs.

Based on the foregoing, the Court recommends
that the district court award Plaintiff **$6,256.94** in
attorneys' fees and costs pursuant to 28 U.S.C.
§ 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 28, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

FIGUEIRA V. EMERSON, ET AL., CV 11-00476 JMS-KSC; FINDINGS AND
RECOMMENDATION REGARDING AWARD OF ATTORNEYS' FEES AND COSTS